IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **Diana M. Molina, Individually and o/b/o Lucas Molina, A Minor** § § § § | |
| | § 5:22-cv-00028 |
| **v.** § § § | |
| **United States of America** § | |

## ORIGINAL COMPLAINT

NOW COME Diana M. Molina, Individually and on behalf of her minor son, Lucas Molina (hereinafter "Plaintiffs") and make and file this Original Complaint against the United States of America and for cause of action would respectfully show the following:

### I. Parties

1. Plaintiffs are and have been individuals residing in Webb County, Texas, and are residents of the Southern District of Texas, Laredo Division at all times material to this suit.

2. The United States of America may be served with summons by serving its agent of process by email to USATX.CivilNotice@usdoj.gov and by sending a paper copy to Civil Process Clerk, United States Attorney's Office, 1000 Louisiana St., Ste. 2300, Houston, Texas 77002. The United States Department of Homeland Security may hereinafter be referred to as the "Department."

### II. Jurisdiction and Venue

3. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* and 28 U.S.C. § 1346(b) for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of employee Jose Javier Cisneros of the Department of Homeland Security while acting within the course

and scope of his employment, under circumstances where the Department, if it were a private person, would be liable to the Plaintiffs in accordance with the laws of the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2) in that all, or a substantial part, of the acts and omissions forming the basis of this suit occurred in Webb County, Texas, which is within the Southern District of Texas, Laredo Division.

### III. Conditions Precedent

5. Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act, inasmuch as the claims set forth here were filed with and presented administratively to the Department on or about January 10, 2022 and said claims were formally denied on or about February 22, 2022. Plaintiffs have accordingly exhausted administrative claims before invocation of the judicial process.

6. This suit has been timely filed, in that Plaintiffs timely served notice of their claims to the Department.

7. The Department has made a final disposition of Plaintiffs' claims on or about February 22, 2022.

8. Accordingly, Plaintiffs have fully complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this suit, within six months of the date of denial of their claims.

### IV. Factual Background

9. On or about February 6, 2020 while driving within the course and scope of Department employment in a southbound direction in the 8400 block of Old Santa Maria Avenue in Laredo, Texas, the Defendant Cisneros failed to control his speed, failed to properly and safely merge in traffic, failed to timely and properly apply brakes and/or take evasive maneuvers, and collided with the rear of

Plaintiffs' 2014 Nissan Versa sedan, causing serious and permanent injuries to Plaintiffs, for which recovery is sought herein.

## V. Negligence Cause of Action

10. Plaintiffs incorporate all allegations contained hereinabove regarding the factual basis of their claim into this section of this pleading.

11. Plaintiffs allege that the facts recited in the section of this pleading denominated "Facts" constitute negligence inasmuch as Defendant's employee failed to use ordinary care in the operation of Defendant United States of America Department of Homeland Security's vehicle; that is, he failed to operate said vehicle as a driver of ordinary prudence would have done under the same or similar circumstances or did that which a driver of ordinary prudence would not have done under the same or similar circumstances. As a result, he collided with the Plaintiffs' vehicle, the forces of impact constituting a direct and proximate cause of injuries and damages to Plaintiffs.

12. Plaintiffs would show that the Defendant, acting by and through its employee, committed certain specific acts of omission and/or commission, including, but not limited to the following:

   1) Failing to keep a proper lookout;
   2) Driving inattentively;
   3) Failing to control speed;
   4) Failing to take evasive action;
   5) Faulty evasive action;
   6) Failing to timely and properly apply brakes;
   7) Failing to properly merge in traffic;
   8) Failing to yield the right-of-way;
   9) Colliding with Plaintiffs' vehicle.

## VI. Vicarious Liability of the Department

13. At all times material herein, the driver Cisneros was acting within the course and scope of his employment with the United States of America Department of Homeland Security, and as such, the Defendant United States of America is liable to Plaintiffs under the doctrine of *respondeat superior*.

## VII. Damages

14. As a direct and proximate result of the collision made the basis of this lawsuit, Plaintiffs have and continue to suffer physical and emotional injuries, which have affected their health generally. These specific injuries and their ill effects have, in turn, caused the Plaintiffs' physical and mental conditions to deteriorate generally, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiffs to suffer consequences and ill effects of this deterioration throughout their bodies for a long time in the future, if not for the balance of their natural lives. As a further result of the nature and consequences of their injuries, the Plaintiffs suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of their natural lives.

15. As a further result of the injuries sustained by Plaintiffs, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

16. As a consequence of the collision Plaintiffs have sustained physical impairment and/or disfigurement. In all reasonable probability, this disability will cause Plaintiffs to suffer long into the future, if not for the balance of their natural lives.

17. Further, as a direct result of the collision, Plaintiffs have endured significant pain and suffering, emotional pain, torment and anguish, and physical impairment in the past, and will, in reasonable probability, continue to suffer same in the future.

## VIII. Prayer for Relief

WHEREFORE, PREMISES CONSIDERED Plaintiffs pray that the Defendant be duly cited to appear and answer herein and that upon final trial of this cause, Plaintiffs have and recover judgment in their favor and against the Defendant, costs of court, and other relief, including the following elements of damages:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Loss of past wages;
12. Loss of future wages;
13. Loss of wage-earning capacity in the future;
14. Property damage; and
15. Loss of use.

Plaintiffs further seek any further and additional relief at law or in equity that this Court may deem appropriate or proper, or to which they may show themselves justly entitled.

        Respectfully submitted,
*/s/ Mary Wilson*
Mary Wilson
Of Counsel with CARABIN & SHAW P.C.
630 Broadway
San Antonio, Texas 78215
SBN:  21704570
Office: (210) 222-2288
Fax: (210) 271-1536
Email: mwilson@carabinshaw.com
Attorney in Charge for Plaintiffs