United States District Court
Southern District of Texas

**ENTERED**

June 02, 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| DIANA M. MOLINA | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 5:22-CV-00028 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## REPORT & RECOMMENDATION

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(3).  In this case, the Court held a "prove up" hearing earlier today, on June 2, 2023, on Plaintiffs' Motion for Approval of Minor's Settlement and for Disbursement of Funds, (Dkt. No. 16), and the Guardian Ad Litem Report, (Dkt. No. 19), by Court-appointed Guardian Ad Litem ("GAL") Adriana Arce-Flores approving the settlement.  The hearing was followed by this Report and Recommendation on the Motion and Report.  (Dkt. Nos. 16, 19.)  For the below reasons, the undersigned concludes and thus RECOMMENDS that Plaintiffs' Motion for Approval of Minor's Settlement and for Disbursement of Funds, (Dkt. No. 16), should be APPROVED.

### I.     Background

In the instant case, Plaintiff Diana Molina, individually and on behalf of minor Plaintiff L.M., sued the Defendant United States of America under the Federal Tort Claim Act due to a wreck that occurred on or about February 6, 2020.  (*See* Dkt. No. 14 para. 4.)  The case involved

an automobile collision between a government owned vehicle driven by an on-duty federal agent and a vehicle driven by Plaintiff in Laredo, Texas on or about February 6, 2020.  (*Id.*)

After the Court held an Initial Pretrial and Scheduling Conference, (7/14/2022 Minute Entry), and issued a Scheduling Order, (Dkt. No. 15), Plaintiffs filed their Motion for Approval of Minor's Settlement and for Disbursement of Funds.  (Dkt. No. 16.)[1]

The Court subsequently tolled all remaining deadlines and ordered that Adriana Arce-Flores, State Bar No. 01284525, an attorney of this Court, be appointed GAL to the minor Plaintiff, L.M.  (Dkt. No. 18 at 1–2.)  After Ms. Arce-Flores filed her GAL Report under seal, (Dkt. No. 19), the Court held a "prove up" hearing, (6/2/2023 Minute Entry), on the pending Motion, (Dkt. No. 16), and in light of the GAL Report.  (Dkt. No. 19.)

A.  Guardian Ad Litem Report

The GAL Report (Dkt. No. 19) discussed the GAL's communication with the minor child L.M.'s mother, Plaintiff Ms. Molina, including discussion of the "litigation surrounding the incident and the settlement" and the GAL's recommendations as to settlement approval.  (*Id.*)  The GAL stated that she requested "all necessary pleadings from Plaintiff's counsel, as well as medical documentation for the minor."  (*Id.* at 1.)  Minor Plaintiff L.M. did not suffer any medical injuries from the incident.  (*Id.*)  In her Report, the GAL recommended "that the subject settlement should

---

[1] In their Motion, Plaintiffs request that the Court approve the settlement without a hearing based on the fact that the minor Plaintiff sustained very minor injuries and is recovering the total amount claimed ($675.00) pursuant to Standard Form 95 filed in the case.  (Dkt. No. 16 at 2.)  *See infra* sec. I at 4 n.2 (describing Standard Form 95). Plaintiff's attorneys are not claiming any attorney's fees or expenses on this portion of the settlement. (*Id.*)  The Court, however, held a hearing and appointed a GAL pursuant to Federal Rule of Civil Procedure 17(c).  *See infra*. sec. II.

be accepted and approved" and that the total settlement funds of $675.00 be directly disbursed to Plaintiff Ms. Molina on behalf of minor Plaintiff L.M.  (*Id.* at 1–2.)

B. "Prove Up" Hearing

At the "prove up" hearing, the GAL summarized her report.  The GAL stated, as discussed in her report, that she spoke to Plaintiffs' counsel as well as the minor child's mother and discussed the minor child's medical treatment with his mother.  The GAL explained that the minor child did not suffer any physical injuries from the incident at issue in the case.  She stated that the settlement disbursement detailing the settlement had been received, counsel had explained all necessary facts to her, and that no payments made besides the settlement would be provided.  For the record, she stated that the total amount of the settlement is $675.00.  On the record during the hearing, the GAL recommended settlement approval in the minor's best interest, and approved direct disbursement to Plaintiff Ms. Molina for minor Plaintiff L.M. in light of the fact that the settlement amount is so small.  She affirmed that no attorney's fees were deducted from that amount, nor would be.

She recommends approval to the District Judge based upon that she has had a reasonable time to acquaint herself with the facts and the law; that she is fully informed of the circumstances of this litigation, the needs and expectations of the minor child, the facts of liability, the disputed nature of the causes of action, and the nature and extent of the damages claimed; and that the agreed settlement and allocation was reasonable, fair, and just in support of the minor.

The parties agree that this agreed settlement amount is reasonable and fair in support of the minor.  In fact, given Standard Form 95,[2] the amount is the maximum that minor Plaintiff can expect to receive.  The GAL noted at the hearing that she seeks reimbursement for one hour's worth of fees, $350, payable by Plaintiffs.

## II.      Applicable Law

Federal Rule of Civil Procedure 17(c)(2) states that when a minor lacks a duly appointed representative and is suing by a next friend, the Court must appoint a GAL or issue another appropriate order to protect the unrepresented minor.  FED. R. CIV. P. 17(c)(2).  As Plaintiff L.M. is a minor, the Court thus ordered appointment of a GAL to represent the interests of minor Plaintiff, L.M., because there may be a conflict of interest between said minor Plaintiff and his Next Friend and Parent, Diana M. Molina.  (Dkt. No. 18.)

"In Texas, the rights and interest of a minor in a legal proceeding are safeguarded by Rule 44 and Rule 173 of the Texas Rules of Civil Procedure."  *Webb v. Paccar Leasing Co.*, No. 4:09-CV-211, 2009 WL 1703207, at *1 (E.D. Tex. June 18, 2009), *recommendation adopted*, 2009 WL 1812446 (E.D. Tex. June 23, 2009).  Rule 173 provides, in relevant part: "The court must appoint a guardian ad litem for a party represented by a next friend or guardian [] if . . . the next friend or guardian appears to the court to have an interest adverse to the party."  TEX. R. CIV. P. 173.2(a).

---

[2]        According to the U.S. Department of Justice, Civil Division:

Standard Form 95 is used to present claims against the United States under the Federal Tort Claims Act (FTCA) for property damage, personal injury, or death allegedly caused by a federal employee's negligence or wrongful act or omission occurring within the scope of the employee's federal employment. [sic] . . a completed form must state a claim for money damages in a "sum certain" amount (that is, a specific amount).

*Documents and Forms*, *Standard Form 95*, U.S. DEP'T JUST., CIV. DIV., https://www.justice.gov/civil/documents-and-forms-0 (last visited June 2, 2023).

"Rule 44(2) provides that '[s]uch next of friend or his attorney of record may with the approval of the court compromise suits and agree to judgments, and such judgments, agreements and compromises, when approved by the court, shall be forever binding and conclusive upon the party plaintiff in such suit.'" *Baladez v. General Motors, LLC*, No. 1:17-CV-0194-C-BL, 2018 WL 6737978, at *2 (N.D. Tex. Dec. 18, 2018).

Under Texas Rule 44 in cases with a settlement involving a minor litigant, "even if a guardian is properly appointed and agrees to the settlement, a judgment ratifying the compromise cannot be rendered without a hearing and evidence that the settlement serves the minor's best interest." *Am. Guarantee & Liab. Ins. Co. v. ACE Am. Ins. Co.*, 990 F.3d 842, 848–49 (5th Cir. 2021) (cleaned up).

In sum, "[u]nder Texas law, while a [GAL] has the authority to enter into settlement negotiations and execute settlement agreements in the best interest of a minor, 'court approval is required to compromise and settle a minor's claims.'" *Jones v. Burke*, No. SA-14-CA-328-FB (HJB), 2015 WL 13545482, at *1 (W.D. Tex. Aug. 6, 2015) (citing *St. John Stevedoring Co. v. Wilfred*, 818 F.2d 397, 400 (5th Cir. 1987)).

As was the case in *Jones v. Burke*, Federal Rule of Civil Procedure 17(c) "does not conflict with Texas law and failing to apply Texas law would result in inequitable administration of the laws." *Baladez*, 2018 WL 6737978, at *2. "Therefore, the Court should consider the Texas law as substantive and apply it as requiring a hearing and court approval of the settlement with the minor[]." *Id.*

"The Texas courts thus hold that if a settlement offer is accepted and *if* the trial court perceives an adverse interest between a parent and her child[], the trial court must appoint a [GAL] who, along with the court, has to approve the settlement in order to bind the minor[]. *Am.*

5

*Guarantee & Liab. Ins. Co. v. ACE Am. Ins. Co.*, 990 F.3d, at 849.  "The overarching issue when considering a settlement involving [a] minor plaintiff[] is whether the settlement is in the best interests of the minor[] in light of the particular facts of the case." *Baladez*, 2018 WL 6737978, at *2.

The GAL must testify as to the contents and basis of her report at a "prove up hearing."  *See Hickson on behalf of Estate of Hickson v. City of Carrollton*, 2020 WL 5087781, at *1–2 (N.D. Tex. Aug. 25, 2020).  She must testify that she had a reasonable time to acquaint herself with the facts and the law, and that she is fully informed of the circumstances of this litigation, the needs and expectations of the minor child, the facts of liability, the disputed nature of the causes of action, and the nature and extent of the damages claimed.  *Id.*  She must consider the effects of entering into the settlement agreement and opine that the minor's interests have been properly protected, and that the proposed settlement is reasonable, fair and just, and in the minor's best interests.  *Id.*  If these criteria are met, she recommends that the settlement be approved.  *Id.*

"In evaluating whether an agreement is fair and reasonable, courts consider the facts of the case, the relative certainty of the outcome of any litigation, and costs associated with such litigation."  *Elkhayam v. Lufthansa German Airlines*, No. Civ.A. 304CV50K, 2005 WL 743054, at *1 (N.D. Tex. Apr. 1, 2005) (citing *Allstate Life Ins. Co. v. Philips*, 2000 WL 829357, at *2 (S.D. Ala. June 2, 2000)), *recommendation adopted*, 2005 WL 1025963 (N.D. Tex. Apr. 28, 2005).  The Court should consider whether the amount of compensation requested by the GAL appears reasonable.  *See Hickson*, 2020 WL 5087781, at *3.

### III.     Analysis

The GAL testified as to the contents and basis of her report at the "prove up" hearing held earlier today.  (6/2/2023 Minute Entry.)  *See Hickson*, 2020 WL 5087781, at *1–2.  The GAL stated, as discussed in her report, that she spoke to Plaintiffs' counsel as well as the minor child's mother and discussed the minor child's medical treatment with his mother. The GAL explained that the minor child did not suffer any physical injuries from the incident at issue in the case.  She stated that the total settlement amount to be disbursed is $675.00, that counsel had explained all necessary facts to her, and that no payments made besides the settlement would be provided.

She affirmed on the record that she has had a reasonable time to acquaint herself with the facts and the law; that she is fully informed of the circumstances of this litigation, the needs and expectations of the minor child, the facts of liability, the disputed nature of the causes of action, and the nature and extent of the damages claimed; and that the agreed settlement and allocation was reasonable, fair, and just.  (6/2/2023 Minute Entry.)  *See Hickson*, 2020 WL 5087781, at *1–2.  The GAL recommended on the record that the settlement be approved because approval is in the minor's best interest.  (6/2/2023 Minute Entry.)  *See Hickson*, 2020 WL 5087781, at *1–2.

Considering the facts of the case, the relative certainty of the outcome of any litigation, and the costs associated with such litigation, the Court finds that the settlement agreement is fair and reasonable.  *See Elkhayam v. Lufthansa German Airlines*, 2005 WL 743054, at *1.  In fact, under Form 95, the settlement amount is the ceiling of what the government could provide for such a claim.  (6/2/2023 Minute Entry.)

The GAL did not list her fees in her Report, (Dkt. No. 19) but stated them on the record—$350 total.  (6/2/2023 Minute Entry.)  The minor is recovering the total amount claimed pursuant to Form 95 filed in the case.  (Dkt. No. 16 at 2.)  Plaintiff's attorneys are not claiming any attorney's fees or expenses on this portion of the settlement.  (*Id.*)

The Court finds that minor Plaintiff L.M.'s interests have been properly protected, and that the proposed settlement is fair, reasonable and in the minor's best interests.  The amount of compensation requested by the GAL, $350, appears reasonable.  The parties agreed that this amount would be paid by Plaintiffs' attorney Thomas Jones, because the government's damages ceiling, prevents the Officer's insurer from paying them.

## IV.    Conclusion and Recommendation

Based on her report and testimony, which is unopposed by the parties, as well as independent review, the Court finds that the GAL is fully informed regarding the facts of liability, the disputed nature of the causes of action, the nature and extent of the damages claimed, and the effects of entering into the settlement agreement.  The Court also finds that minor Plaintiff L.M.'s interests have been properly protected, and that the proposed settlement is fair, reasonable and in the minor's best interests.

For the above reasons, the undersigned concludes and thus RECOMMENDS that Plaintiffs' Motion for Approval of Minor's Settlement and for Disbursement of Funds, (Dkt. No. 16), should be APPROVED.

Additionally, the parties are ORDERED to report no objections and a joint notice of settlement by no later than June 5, 2023, as they stipulated in the "prove up" hearing on the record. Included in their joint statement of no objections and joint notice of settlement, the parties are

ordered to file a proposed order approving the settlement and indicating that a "prove up" hearing occurred.  This statement will include a proposed deadline to file the joint stipulation of dismissal.[3]

IT IS SO RECOMMENDED.

SIGNED this June 2, 2023.

Diana Song Quiroga
United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Within fourteen days of being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  The district judge to whom this case is assigned shall make *a de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of

---

[3]     The government had requested additional time for requisite approvals so that payment may be received.

factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.